**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| WILEY GRIFFIN, IV, | : | |
| ELIZABETH CROLEY, | : | |
| ROBERT WADE UMBACH, and | : | Case No. 1:14-CR-00029-WLS |
| CHRISTOPHER KINES, Defendants. | : | |

**BRIEF IN SUPPORT OF "MOTION FOR JUDGMENT
OF ACQUITTAL NOTWITHSTANDING THE VERDICT OR,
IN THE ALTERNATIVE, FOR A NEW TRIAL"**

Comes now Elizabeth Croley (hereinafter "Ms. Croley" and "the defendant") and files this "Brief in Support of 'Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the alternative, a New Trial'", showing this court as follows:

**CHRONOLOGY OF THE CASE**

A seven-count indictment was returned against the above named defendants on July 9th, 2014. Ms. Croley is charged, in count two of the indictment in that she denied the right to a fair trial to A. P. in violation of 18 U.S.C. § 242. Count three alleges Ms. Croley is in violation of 18 U.S.C. § 1519. Count three alleges the defendant "knowingly made a false entry in a record and document with the intent to impede, obstruct and influence the investigation and proper administration of the matter within federal jurisdiction".

The defendant entered a plea of not guilty on August 5, 2014 (Doc. 18).

The trial of this case commenced on Wednesday, May 27, 2015. The jury returned verdicts of guilty on counts two and three of the indictment on June 10, 2015 (Doc. 166).

## ISSUES PRESENTED

1. Ms. Croley is entitled to a judgment of acquittal notwithstanding the verdict as to Count two of the indictment.
2. Ms. Croley is entitled to a judgment of acquittal notwithstanding the verdict as to Count three of the indictment or in the alternative a new trial.

## ARGUMENT AND CITATION OF AUTHORITY

Motion for Judgment of Acquittal Notwithstanding the Verdict

STANDARD OF REVIEW – "The sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain the conviction". *United States v. Miranda*, 425 F.3d 953, 962 (11th Cir. 2005) [citation omitted]. A conviction may not be vacated "on the ground of insufficient evidence unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *United States v. Almanzar*, 634 F.3d 1214, 1221 (11th Cir. 2011) [citing *United States v. U.S. Infrastructure, Inc.*, 576 F.3d 1195, 1203 (11th Cir. 2009)].

1. Ms. Croley is entitled to a judgment of acquittal notwithstanding the verdict as to Count two of the indictment due to the Government's failure to introduce the record from the Superior Court of Decatur County; The State vs. A. P.

It is the position of Ms. Croley that the entire record of the trial of A.P. is necessary in order for a trier of fact to determine whether there has been a violation of a person's right to a fair trial under 18 U.S.C. § 242.

Ms. Croley reiterates and incorporates her Rule 29 (a) motion as made at the close of the Government's case and further makes a Rule 29 (c) motion based on the same argument. The court reserved ruling pursuant to Rule 29(b).

Fed.R.Crim.P. 29(b) provides:

The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. **If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved**. (Emphasis added).

The amendment to Rule 29, by entitling the defendant to a snapshot of the evidence at the point that the court reserves its ruling, frees the defendant to present additional evidence without fear of doing himself harm on the sufficiency issue. That freedom is made possible by the assurance that appellate review, as well as the district court's own consideration, is limited to the evidence in the government's case in chief. Fed.R.Crim.P. 29(b) advisory committee's note to 1994 amend. ("And in reviewing a trial court's ruling, the appellate court would be similarly limited.").

*United States v. Moore*, 504 F.3d 1345, 1347 (11th Cir. 2007) (denial of motion for judgment of acquittal reversed).

3

Ms. Croley contends that the Government must prove a Brady violation occurred prior to and during the trial of A.P. in order for her to be convicted of Count two of the indictment. To establish a Brady violation the Government would need to prove that (1) the Defendant possessed evidence favorable to A.P.; (2) that A.P. did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the defendant suppressed the favorable evidence; and (4) that had the evidence been disclosed to A.P., a reasonable probability exists that the outcome of his trial would have been different. (See United States v. Meros, 866 F.2d 1304, 1308 (11th Cir. 1989) for a discussion as to what constitutes a Brady violation.)

It is impossible for a trier of fact to determine whether a reasonable probability exists that the trial of A.P. would have been different unless the trier of fact has a complete record of the trial itself. In this case, the government failed to offer the record into evidence. Moreover, nor did the government offer a complete and accurate transcript of the proceedings from the trial of A.P. into evidence. Therefore, as a matter of law, Ms. Croley is entitled to a judgment of acquittal under the original Rule 29 motion or a judgment of acquittal notwithstanding the verdict.

## Motion for New Trial

STANDARD OF REVIEW –

> On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light of most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates

sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury. *Id.* (internal quotations and citations omitted).

*United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005). See also, *United States v. Moss*, 828 F.Supp.2d 1292, 1302 (M.D.Ala. 2011).

2. Ms. Croley is entitled to a judgment of acquittal notwithstanding the verdict as to Count three of the indictment or in the alternative, a new trial, due to the conjunctive instruction as given by the court.

Ms. Croley objected at every step of the trial when the use of the conjunctive "and/or" was mentioned. In fact, the jury asked a specific question as to whether the Government had to prove both of the alleged violations as shown in Count Three of the indictment in order to convict the Defendant.

Ms. Croley is well aware of the established precedent with regards to the use of the conjunctive "Quite simply, the law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive." United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000)"

The issue in this case is that Count Three of the indictment does not allege a violation of the <u>statute</u> in the conjunctive it alleges that the defendant violated the statute in that the <u>report</u> was false in the conjunctive.

Count Three of the indictment alleges that the ***report*** was false in that it (1) stated that a civilian witness whose identity is known to the grand jury, witnessed A. P. strike Defendant Croley and (2) omitted any mention of Defendant Griffin, IV.

5

The Court gave an instruction, objected to by Ms. Croley, which stated "…..counts charged using the word "and" should be read as if they were charged using the word "or."" (Doc. 161)  This charge led to a constructive amendment of the indictment and should lead to a directed verdict of acquittal or in the alternative, a new trial.

The proper way for this indictment to have been returned in order for the Court's instruction to have been proper would have stated, for example, Defendant Croley made a false entry in a record and document in that (1) the report stated that a civilian witness whose identity is known to the grand jury witnessed A. P. strike Defendant Croley; and (2) the report omitted any mention of Defendant Griffin, IV.  The Government failed to draft the indictment in this way and therefore the Court's instruction is erroneous.

For these reasons, the jury instruction was erroneous and entitles Ms. Croley to a judgment of acquittal notwithstanding the verdict or in the alternative, a new trial.

Ms. Croley reiterates and incorporates her Rule 29(a) motion with regards to Count 3 of the indictment into this motion and argument.

## CONCLUSION

The court, having reserved decision on Ms. Croley's motions for directed verdict should, upon consideration of the evidence and authority cited herein, grant judgment of acquittal notwithstanding the verdict as to both counts, count two and count three.  A new trial should be granted, should the court deny the motion for judgment of acquittal notwithstanding the verdict.

This 10th day of July, 2015.

/s Joshua C. Bell
**The Law Office of Joshua C. Bell, LLC**
Ga. Bar No. 048798
**Attorney for Defendant Croley**
Post Office Box 45
Whigham, Georgia 39897
Telephone:	(229) 762-4000
Facsimile:	(229) 762-4010
E-mail:	josh@joshuabell.net

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> vs. <br><br> **WILEY GRIFFIN, IV, ELIZABETH CROLEY, ROBERT WADE UMBACH, and CHRISTOPHER KINES**, <br><br> Defendants | Case No.: 1:14-CR-00029-WLS |

**CERTIFICATE OF SERVICE**

I, Joshua C. Bell, hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, who will send notification and a copy of such to all counsel of record.

  This July 10, 2015.

              **/s Joshua C. Bell**
              **The Law Office of Joshua C. Bell, LLC**
              Ga. Bar No. 048798
              **Attorney for Defendant Croley**
              Post Office Box 45
              Whigham, Georgia 39897
              Telephone: (229) 762-4000
              Facsimile: (229) 762-4010
              E-mail:  josh@joshuabell.net