IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CR-29-2 (WLS) |
| | : | |
| ELIZABETH CROLEY, | : | |
| | : | |
| Defendant. | : | |

# ORDER

Presently before the Court is Defendant Elizabeth Croley's Motion for Judgment of Acquittal or in the alternative, Motion for a New Trial. (Doc. 180.) On July 9, 2014, Croley was charged with deprivation of rights under the color of law in violation of 18 U.S.C. § 242 ("Count Two") and making false reports in violation of 18 U.S.C. § 1512(b)(3) ("Count Three"). (Doc. 1.) On June 10, 2015, a jury returned a verdict finding Croley guilty of Counts Two and Three. At the close of the Government's case-in-chief and again at the close of evidence, Croley moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Croley also moved the Court for a new trial pursuant to Federal Rule of Criminal Procedure 33. Croley further moved the Court for permission to adopt arguments made by Defendants Umbach and Kines in support of their motions for new trials. In her arguments and briefing, Croley did not particularize or explain how the arguments made by her codefendants she sought to adopt applied to her motions. However, the Court granted Croley's request to adopt Defendants Umbach and Kines's arguments.[1] The Court reserved ruling on Croley's pre-verdict motion for judgment of acquittal. Croley filed a written supplement to her oral motion for judgment of acquittal and articulated her grounds for a new trial with permission of the Court thereafter. (Doc. 181.) The Government responded to both Croley's motion for judgment of acquittal and motion for new trial. (Doc. 187.) The

---

[1] To the extent Croley seeks to adopt Defendants Kines or Umbach's arguments in their Motions for New Trial the Court herein incorporates as to Croley the findings and rulings made in the Court's Orders addressing those Motions. (Docs. 251, 253.)

1

Court will consider Counts Two and Three respectively and address both Croley's Motions for Judgment of Acquittal and New Trial.

### I. Croley's Motion for Judgment of Acquittal or in the alternative, Motion for New Trial Related to Count Two

Croley moved the Court to grant her motion for judgment of acquittal pursuant to Rule 29 at the close of the Government's case-in-chief and renewed her motion for judgment of acquittal. In the alternative, Croley moved the Court for a new trial pursuant to Rule 33 as it related to Count Two, charging her with violating 18 U.S.C. § 242. Count Two of the indictment alleges that on or about September 17, 2012 to February 14, 2013, in the Middle District of Georgia, Defendant Elizabeth Croley, while acting under the color of law, willfully deprived Aaron Parrish of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right to a fair trial. Specifically, the indictment alleged Croley intentionally withheld material, exculpatory evidence from the District Attorney's Office for the South Georgia Judicial Circuit (and in turn from Aaron Parrish's defense counsel), thereby depriving Aaron Parrish of exculpatory evidence when he was prosecuted and convicted by the District Attorney's Office. The Court instructed the jury that in order to find Defendant Croley guilty "the Government must prove beyond a reasonable doubt that on or about September 17, 2012 to February 14, 2013, that: (i) Defendant Croley deprived Aaron Parrish in the State of Georgia of the right alleged; (ii) [t]hat Defendant did so under the color of law; and, (iii) [t]hat Defendant Croley did so willfully." (Doc. 161 at 11.) The Court provided several additional instructions for the jury's consideration of Count Two:

> A law enforcement officer violates a criminal defendant's constitutional right to a fair trial when the law enforcement officer intentionally withholds material, exculpatory evidence from prosecutor, such that the prosecutor could not provide the evidence to the defendant's lawyer.
>
> I instruct you that evidence is exculpatory if it is favorable to the charged person's defense. Exculpatory evidence includes evidence that the person did not, in fact, commit the crime with which he was charged. Exculpatory evidence is material if its withholding undermines confidence in the outcome of a trial—that is, if there is a reasonable probability that there would have been a different result at the person's trial if the evidence had not been

> withheld. In making this determination, you may consider the resulting verdict in the trial of the person, but you are not bound by it.
>
> In considering whether Defendant Croley violated the constitutional right alleged, you must decide whether Defendant intentionally caused evidence that was favorable to Aaron Parrish to be withheld from the District Attorney in the state case against him; whether that evidence would have been material to Aaron Parrish's defense against the state charges; and whether a reasonable and prudent law enforcement office in Defendant Croley's circumstance would have known that evidence withheld was material to Aaron Parrish's defense. You must also decide whether the state prosecutor received this evidence by other means.
>
> If you find that the state prosecutor actually received the alleged withheld information before the state trial against Aaron Parrish or that the state prosecutor or Aaron Parrish's defense attorney were not deprived of the information allegedly withheld upon all the circumstances as you find them to be, then you may find that Aaron Parrish was not deprived of his right to a fair trial on account of Defendant Croley withholding the information.

(Doc. 161 at 12-14.)

Croley's basis for her motion for judgment of acquittal or in the alternative, a new trial, is that the Government failed to provide the jury with sufficient evidence to support the crime as charged in Count Two. As argued during trial as a basis for Croley's Rule 29 motion and reiterated as a basis for Croley's Rule 33 motion, Croley contends that 18 U.S.C. § 242 as alleged in Count Two suggests and requires an application of *Brady v.* Maryland, 373 U.S. 83 (1963). Croley's interpretation of what is required to establish a violation of 18 U.S.C. § 242 is incorrect. Croley is not charged with a *Brady* violation even though the effects of her conduct as alleged could be described as such. *Brady* and its progeny impose a constitutional duty on *prosecutors* to disclose exculpatory information. *Porter v. White*, 483 F.3d 1294, 1306 (11th. Cir 2007)(emphasis added). *Brady* refers strictly to the conduct of prosecutors. *Brady* cannot be relied on as the benchmark for analyzing law enforcement officer's failure to disclose exculpatory evidence. *Id.* Croley was charged with willful conduct that prevented a state prosecutor from complying with *Brady*. As a result, the Court rejects Croley's assertion that it should be construed as a *Brady* violation. The Court will proceed

with considering the arguments made by Croley during trial and supplemented thereafter in support of her motion for judgment of acquittal.

### A. Croley's Motion for Judgment of Acquittal Related to Count Two

At the close of the Government's case-in-chief, Croley moved for judgment of acquittal and argued that absent the entire trial transcript of Aaron Parrish's state trial where he was prosecuted and convicted for obstruction of an officer, it was impossible for a reasonable trier of fact to determine that the outcome at trial would be different if Croley disclosed the exculpatory evidence allegedly withheld. Based on case law in the Eleventh Circuit, to find a law enforcement officer guilty of violating 18 U.S.C. § 242 for withholding evidence there must be a showing that the law enforcement officer: (1) intentionally caused exculpatory evidence to be withheld from the prosecutor; (2) the prosecutor never received the evidence by another means, (3) the evidence was material; and (4) that a reasonable law enforcement officer would know the information was material. *Id.* at 1306. Notwithstanding denial of admission of the entire state trial transcript, sufficient evidence existed at the close of the Government's case-in-chief for a rational trier of fact to find Croley guilty of Count Two beyond a reasonable doubt. Contrary to Croley's implication, the role of the jury was to determine if the evidence established beyond a reasonable doubt that Croley willfully deprived Parrish of his right to a fair trial in state court given Croley's withholding material and exculpatory evidence. Neither the Court nor the jury are intended or required to sit as a quasi-appellate court and apply *Brady* in review of the state criminal case when considering a charge under 18 U.S.C. § 242.

Under Federal Rule of Criminal Procedure 29, a defendant's motion for judgment of acquittal should be granted if the Court finds that "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Thus, the Court "must determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (citing *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999)). The conviction should be upheld unless the Court finds that "the jury could not have found the defendant guilty under any reasonable construction of the

evidence." *United States v. Robles*, 283 F. App'x 726, 735 (11th Cir. 2008) (quoting *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999)).

Courts are to construe the evidence in the light most favorable to the Government. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) (citing *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000)). Accordingly, the Court must "resolve any conflicts in favor of the Government, [and] draw all reasonable inferences that tend to support the prosecution's case…." *Id.* (citing *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) and *Ward*, 197 F.3d at 1079). "The prosecution need not rebut all reasonable hypotheses other than guilt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) (citing *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982)). Thus, "[i]t is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *Thompson*, 473 F.3d at 1142 (citing *United States v. Mieres-Borges*, 919 F.2d 652, 656 (11th Cir. 1990)). If, as it did here, the Court reserves decision on the motion made at the close of the Government's evidence, the Court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

Adequate evidence existed at the close of the government's case-in-chief for a rational trier of fact to find the Defendant guilty of Count Two of the indictment beyond a reasonable doubt. An excerpt from Aaron Parrish's state trial shows that Croley testified that Parrish punched Croley without provocation. (Doc. 165-15 at 2.) Croley's testimony during Parrish's state trial was consistent with her drafted incident report stating, "[o]nce Mark West was detained his step son [*sic*] Ronnie Aaron Parrish saw the officers taking his father away and walked over to Captain Croley and struck her in the chest." (Doc. 165-1 at 5.) At trial in this case, witness Norma McIntyre testified that she provided a written statement to Croley a day before Croley drafted her incident report in connection with Parrish's state charges. McIntyre's statement to Croley was that Mike Green "ended up hitting [*sic*] Dep. Crowley in the chest", not Aaron Parrish. (Doc. 165-4.) McIntyre's statement was not included in the case file. McIntyre's husband's statement, drafted at the same time, was.

5

According to the testimony of District Attorney Joseph Mulholland and Parrish's Defense Attorney Autumn Webster, they only received a summary of the statements made by McIntyre from Croley. Consistent with Croley's testimony at trial, neither Mulholland nor Webster were informed that McIntyre saw Green hit Croley. Considering the nature of the charges Aaron Parrish was convicted of, a reasonable jury could conclude that absent the omission of McIntyre's statement that Mike Green rather than Parrish hit Croley, a trier of fact in Parrish's state case could conclude that Parrish was not guilty of striking Croley. McIntyre's complete statement was material and exculpatory and could have been helpful to Parrish and his defense attorney at his state trial. The Prosecution would have been required to provide the statement to Parrish's attorney.

Sufficient evidence was also presented during the Government's case-in-chief for a rational trier of fact to find that a law enforcement officer in Defendant Croley's position would understand that the disclosure of McIntyre's statement was exculpatory and material as well. Decatur County Sheriff's Office Captain Chip Nix testified regarding the Decatur County Sheriff's Office protocol that all witness statements should be included in the case file. The evidence at trial supported a finding that the investigative materials regarding Parrish's case that were given to the district attorney's office did not include McIntyre's statement. Intentional failure to include McIntyre's witness statement by Croley, an experienced law enforcement officer at the rank of Captain, would support a jury finding that Croley knowingly withheld McIntyre's important and material statement. Considering Croley's alleged omission of critical evidence in addition to other evidence presented during trial, the jury could reasonably make the determination that Croley acted willfully.

Nothing presented during the Defendants' case-in-chief changes the Court's view that a rational trier of fact could find sufficient evidentiary support from the Government's case-in-chief to prove the allegations in Count Two beyond a reasonable doubt. Taking into account all the Government's evidence, the circumstances as shown by the evidence and all reasonable inferences as supported by the evidence, the evidence was sufficient to establish that McIntyre's written statement withheld at Parrish's state trial was both exculpatory and material and its withholding could have affected Parrish's state case as alleged beyond a

reasonable doubt. Croley's motion for a judgment of acquittal as it pertains to Count Two is denied.

### B. Croley's Motion for New Trial Related to Count Two

Consistent with the Court's prior findings and discussion of Count Two above, Croley's Motion for a new trial fails as well. A district court is permitted to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Different from a motion for judgment of acquittal where a court must view the evidence in a light most favorable to the verdict, when a party moves for a new trial "the court need not view the evidence in the light most favorable to the verdict." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir.1985). While the standard for granting a new trial based on the weight of the evidence is a broad one and is within the sound discretion of a district court judge, the Eleventh Circuit instructs district courts that motions for new trials should be granted "sparingly and with caution" and only in "really exceptional cases". *Id.* at 1312-13 (internal quotations and citation omitted). In cases where the evidence was sufficient to support a conviction, courts have only granted motions for new trial where "the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." *Id.*; *see also Butcher v. United States*, 368 F.3d 1290, 1297 n. 4 (11th Cir. 2004). A district court cannot "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Martinez*, 763 F.3d at 1312-13.

As inferred by the Court previously, there is nothing that would support finding a miscarriage of justice related to Count Two. The jury received pertinent excerpts of Parrish's state court case including the testimony of Croley. The jury also heard the testimony of Mulholland, Webster, Nix, Parrish, and McIntyre regarding the events pertinent to Parrish's state trial. Having the jury review the entire transcript of Parrish's state trial was not necessary for the Court or the jury to evaluate whether the evidence allegedly withheld by Croley was intentionally and willfully withheld and was material and exculpatory evidence. Contrary to Defendant's assertion, this Court is not a quasi-appellate court obligated to

review the validity of Parrish's state trial with respect to Defendant's federal offense. Instead, the Court and jury's duty was to determine beyond a reasonable doubt whether Croley violated Count Two as alleged consistent with the Court's instructions. Considering that neither the evidence nor arguments presented by Croley constitute the necessity for a new trial in the interest of justice or preponderate heavily against the jury's verdict, her motion for new trial as to Count Two is denied.

## II. Croley's Motion for Judgment of Acquittal or in the alternative, Motion for New Trial Related to Count Three

Croley moved the Court to grant her motion for judgment of acquittal pursuant to Rule 29 at the close of the government's case-in-chief and renewed her motion for judgment of acquittal at the end of trial as to Count Three. Croley moved for a new trial pursuant to Rule 33 as to Count Three of the indictment, which charged her with a violation 18 U.S.C. § 1519. Count Three of the indictment alleges that on or about September 18, 2012 in the Middle District of Georgia, Defendant Elizabeth Croley, acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within federal jurisdiction. (Doc. 1 at 3.) Specifically, the defendant allegedly wrote a Decatur County Sheriff's Office Incident Report, Case No. 12090011676, dated September 18, 2012, that asserted, in sum and substance, that Aaron Parrish was injured during a physical altercation with Decatur County Sheriff's Office deputies that Aaron Parrish instigated by striking Croley. The indictment further alleges that the report was false in that, "it (1) stated that a civilian witness whose identity is known to the grand jury, witnessed Aaron Parrish strike Croley; and (2) omitted any mention of Defendant Griffin, IV. In truth and in fact, as the defendant then well knew, (1) the civilian witness had provided Croley with a written statement identifying a different individual, rather than Aaron Parrish, as the person who had struck Croley, and (2) Griffin, IV, had repeatedly hit Aaron Parrish in his face, causing Aaron Parrish to suffer cuts, bleeding, swelling, bruising, and pain." (*Id.*)

Croley's argument that the Court should grant her motion for judgment of acquittal, or in the alternative a new trial, is based on three primary arguments. First, Croley contends

both in her oral motion for judgment of acquittal and within her motion for new trial that 18 U.S.C. § 1519 does not recognize an omission as constituting a false report. Second, Croley argues that the Court improperly instructed the jury that the word "and", as used in the indictment, should be read in the disjunctive "or". Last, Croley argues there was insufficient evidence to support a conviction under Count Three and a motion for judgment of acquittal is therefore merited. The Court will address each of Croley's arguments in turn relying on the Rule 29 and Rule 33 standards previously articulated by the Court.

### A. Croley's Motion for Judgment of Acquittal or New Trial Based on 18 U.S.C. § 1519's Alleged Exclusion of an Omission as Constituting a False Report

Croley argued during her oral motion for judgment of acquittal and within her memorandum in support of her motion for a new trial that an omission is not a "false entry" recognized by 18 U.S.C. § 1519 ("section 1519"). Specifically, Croley contends that an omission in an incident report goes beyond the contemplation of section 1519. The Court disagrees with Croley that intentional omissions cannot be incorporated as the basis for a "false report" violation under section 1519.

Only a small number of cases within the Eleventh Circuit interpret section 1519 and the Court has found no controlling authority within the Eleventh Circuit directly addressing whether section 1519 includes an omission as the basis for a false report charge. Section 1519 makes it a crime when an individual "knowingly alters, destroys, multilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States…." In the view of the Court, the plain language of section 1519 does not exclude a knowing and intentional omission being construed as a false report. *United States v. DBB, Inc.*, 180 F.3d 1277, 2181 (11th Cir. 1999) ("The starting point for all statutory interpretation is the language of the statute itself.") Reading the plain language of section 1519, especially in tandem with the statute's legislative history, makes it evident to the Court that section 1519 was not intended to be the narrowly crafted statute Croley contends. *See* S.Rep. No. 107-146, at 14 (2002)("Section 1519 is meant to apply *broadly* to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede, or influence

9

the investigation or proper administration of any matter….")(quoting Senator Leahy)(emphasis added). District and circuit courts in various jurisdictions appear to agree with this Court's interpretation and reading of the statute.

The Eleventh Circuit, while not directly considering the precise issue before the Court, has affirmed several convictions based on an omission under section 1519. *See United States v. Fontenot*, 611 F.3d 734, 737 (11th Cir. 2010)(affirming a conviction based on an interpretation of section 1519 for conduct including possible omission, but without directly addressing whether section 1519 applied specifically to omissions); *See also United States v. Taohim*, 529 Fed. App'x 969, 974 (11th Cir. 2013)(unpublished)(also affirming a conviction under section 1519 without directly addressing whether section 1519 applies to omissions). This Court's interpretation of section 1519 is also consistent with courts in other circuits that have directly addressed the exact question now before the Court. In a Third Circuit case, *United States v. Moyer*, 674 F.3d 192 (3rd Cir. 2012), law enforcement officers were charged with making false statements and omissions in their reports about an alleged racially motivated killing. *Id.* at 207. One law enforcement officer argued on appeal that section 1519 did not apply since there was no duty to disclose the specific information that was alleged to have been omitted in violation of section 1519. *Id.* In response, the Third Circuit stated "[i]t borders on the ridiculous to assert that a Chief of Police would not have a duty to disclose the identity of suspects in his official police reports or, conversely, that withholding the names of suspects—known to him—in those official police reports would be deemed acceptable." *Id.* As a result, the Third Circuit determined that "material omissions may support a conviction under § 1519." *Id.* at 207-208.

Consistent with this Court and the Third Circuit, a court in the Eastern District of Pennsylvania also viewed an omission as a violation under section 1519. In *Norman*, law enforcement officers were charged with various offenses, including falsification of records in a federal investigation in violation of section 1519. *United States v. Norman*, 87 F.Supp. 737, 739 (E.D. Pa. 2015). One law enforcement officer moved to quash the charges against him under section 1519 and argued that an omission is not a false entry. *Id.* at 743. Finding that a material omission can be intentionally deceptive, consistent with the view of this Court, the

10

district court for the Eastern District of Pennsylvania noted that "a lie of omission is still a lie" and determined such an omission was a false report prohibited by section 1519. *Id.* at 745.

It appears to the Court that the plain language of section 1519, with references to "conceals," "covers up," and "falsifies" together with "makes a false entry" in describing prohibited conduct, reasonably contemplates and includes a prohibition against the knowing *omission* of material information, identities or facts which result in concealment, falsification, or an entry made false by such omission. Given this Court's reading of the plain language and legislative intent of section 1519 along with persuasive decisions by other courts, it is clear that an omission can constitute a false report under section 1519. As such, Croley's motion is denied to the extent she moves the Court for a motion for judgment of acquittal under Rule 29 and new trial under Rule 33 based on her assertion that an omission is not legally encompassed as a violation under section 1519

### B. Croley's Motion for Judgment of Acquittal or New Trial Based on the Court's Jury Instruction Regarding Count Three of the Indictment

Croley also argues that the Court incorrectly instructed the jury regarding the use of "and" within the indictment. Within the Court's instructions the jury was instructed as follows:

> "[U]sing the word *'and'* should be read as if they were charged using the word *'or'*. For example, you will see in Counts Three, Four, and Five, charging a violation of 18 U.S.C. § 1519, the offense covers making a false entry in a document *or* tangible object with the intent to impede, obstruct, *or* influence an investigation of a matter within federal jurisdiction. Either alleged intended act, that is, to impede, obstruct, *or* influence could be a violation of the statute."

(Doc. 161 at 22-23.)(emphasis added.) As noted by the Government, it "is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may be properly framed in the disjunctive." *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000). Similar to a plethora of similarly worded indictments, Croley was charged with creating a report that was false in that she, "(1) stated that a civilian

11

witness, whose identity is known to the grand jury, witnessed [Aaron Parrish] strike Croley; *and* (2) omitted any mention of defendant [Wiley Griffin, IV]." (Doc. 1 at 3)(emphasis added.) After reviewing the statute as well as the indictment itself, the Court correctly advised the jury that either falsely stating that a witness saw Aaron Parrish strike Croley *or* an omission of any mention of Wiley Griffin, IV, if proved beyond a reasonable doubt, could constitute a false report in violation of section 1519. Further, the jury upon sufficient proof could find that Croley did "impede, obstruct, *or* influence" an investigation as alleged and explained by the Court's instructions taken in their entirety. (Doc. 161 at 15)(emphasis added).

### C. Croley's Motion for Judgment of Acquittal Based on the Evidence

Croley last argued during her oral motion for judgment of acquittal that there was insufficient evidence for a trier of fact to find that Count Three was violated as alleged. The Court does not agree. As stated above, the jury was instructed that in order to find Croley guilty for falsely stating Aaron Parrish struck her or to find Croley guilty of omitting Wiley Griffin's name, Croley's guilt must be determined by the evidence beyond a reasonable doubt. During trial, an audio recording was played where Croley said she was in a position to see anyone who hit Mr. Parrish when the deputies took him to the ground. Chip Nix and Robbie Webb testified that they saw Wiley Griffin, IV strike Aaron Parrish. Witnesses Brooke Brown, Vincent Edmonds, Brenda Stogner, and Parrish described Wiley Griffin, IV's involvement during the Bike Fest incident as well. Considering the evidence as a whole and after drawing all reasonable inferences supported by the evidence in favor of the government, the Court finds sufficient evidence for a rational jury to find that Croley intentionally omitted Wiley Griffin, IV from her reports and/or falsely stated that a civilian witnessed Aaron Parrish strike Croley.

Relying essentially on the same evidence as discussed by the Court in the discussion of Count Two above, a rational jury could also find the exclusion and/or concealment of McIntyre's account of the incident intentional as well. McIntyre's statement to Croley claimed Green, not Parrish, hit Croley in the chest. Nevertheless, McIntyre's written statement was omitted by Croley in her disclosure to the District Attorney. Nothing

presented during the Defendant's case-in-chief changes the Court's view that a rational trier could find beyond a reasonable doubt Croley guilty of allegations in Count Three. Based on the evidence as a whole, taking into account all the Government's evidence, the circumstances as shown by the evidence and all reasonable inferences shown by the evidence, the Court finds there was sufficient evidence to establish Defendant guilty of Count Three as alleged beyond a reasonable doubt. Croley's motion for judgment of acquittal based on the evidentiary record is denied.

## CONCLUSION

For the aforementioned reasons along with the reasons stated in the Court's Orders addressing Defendants Kines and Umbach's motions (Docs. 251, 253) as applied to Croley, Croley's Motion for Judgment of Acquittal and Motion for New Trial are **DENIED**.

**SO ORDERED**, this  14th  day of March, 2016.

                                                   **/s/ W. Louis Sands**
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATES DISTRICT COURT**